DANNY KELLY

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 09-619-BAJ-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

### I. BACKGROUND

This matter is before the Court on a Motion for Summary Judgment (doc. 20) filed by the defendant, State Farm Fire and Casualty Company ("State Farm"). The case arises from an automobile accident that occurred between the plaintiff, Danny Kelly ("Kelly") and Henry Thomas, Jr. ("Thomas") on November 21, 2005 in East Baton Rouge Parish, Louisiana. At the time of the accident, Thomas was insured by an automobile liability insurance policy issued by State Farm. Kelly suffered injuries as a result of the accident and underwent surgery. Kelly's attorney spoke with Dorothy Davis ("Ms. Davis"), a State Farm claims representative, concerning the accident on December 16, 2005. On January 6, 2006, Kelly's attorney mailed to State Farm certified copies of Kelly's medical bills and hospital records.[1] Included with these records was a letter from Kelly's counsel addressed to Ms.

---

[1] Plaintiff's Exhibit A (doc. 23-1). Kelly's medical expenses totaled $26,803.17.

1

Davis.² The letter stated that the attorney "will recommend release of State Farm Insurance Company, and your insured, Henry Thomas, Jr., for payment of your policy limits." The letter further stated, "Please give me a call in the next ten (10) days to discuss this matter."³ Kelly's attorney spoke with Ann McClendon, another State Farm representative, via telephone on March 8, 2006. Dorothy Davis spoke with Kelly's attorney by telephone March 22, 2006 and made an verbal offer on behalf of State Farm to settle Kelly's claim for the $25,000 policy limit.⁴ This offer was also memorialized in a letter from Davis dated March 23, 2006. Kelly's attorney orally rejected State Farm's offer on March 22, 2006.

The underlying matter proceeded to a bench trial in Louisiana state court. Thomas was ultimately found liable for the accident, and a judgment was rendered against him in the amount of $176,464.07, plus legal interest. Subsequently, Thomas entered into a "Compromise Agreement" with Kelly on June 13, 2009, whereby Thomas agreed to assign Kelly the exclusive right to pursue a bad faith action against State Farm. In consideration, Kelly agreed not to execute the state court judgment against Thomas' personal assets.⁵

---

² *Id.*

³ The date on which this letter was received is disputed. State Farm asserts that Dorothy Davis did not receive the letter until February 14, 2006. Kelly maintains that State Farm received the letter on January 9, 2006.

⁴ Thomas' automobile insurance policy carried payment limitations of $25,000 per person and $50,000 per accident.

⁵ *See,* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Exhibit D (doc. 23-4).

Kelly filed the instant lawsuit against State Farm in Louisiana state court on July 6, 2009. The suit was removed to federal court on August 6, 2009 pursuant to a Notice of Removal (doc. 1) filed by State Farm. Kelly has filed an opposition (doc. 23) to State Farm's summary judgment motion, and State Farm has filed a reply (doc. 26) to Kelly's opposition. The jurisdiction of this Court is premised upon 22 U.S.C. § 1332, diversity of citizenship.

## II.  SUMMARY JUDGMENT

The purpose of summary judgment is to pierce pleadings and to assess proof in order to determine whether there is a genuine need for trial. *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 788 (5th Cir. 1963). In considering a motion for summary judgment, the court must construe all pleadings liberally in favor of the party against whom the motion is made, and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists. *Dassinger v. South Central Bell Tel. Co.*, 505 F.2d 672, 674 (5th Cir. 1974). The party seeking summary judgment bears the burden of showing that there is no material fact in dispute, and every reasonable inference arising from the record must be resolved in favor of the party opposing the motion. *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984). A fact is material if it might affect the outcome of the suit under the governing law. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). There is a genuine issue as to a material fact if the evidence is such that a

3

reasonable jury could return a verdict for the non-movant. *Id.*

## III. LAW AND ANALYSIS

### A. State Farm's bad faith in failing to settle claim

Plaintiff Kelly argues that State Farm was in bad faith for failing to timely settle his claim, and that State Farm's failure to settle exposed its insured to a substantial excess judgment. State Farm maintains it did not act in bad faith by failing to settle the claim, as Thomas, State Farm's policyholder, consistently maintained that he was not at fault in the accident.[6]

As stated by the Louisiana Supreme Court, "a liability insurer is the representative of the interests of its insured, and the insurer, when handling claims, must carefully consider not only its own self-interest, but also its insured's interests so as to protect the insured from exposure to excess liability. Thus, a liability insurer owes its insured the duty to act in good faith and to deal fairly in handling claims." *Smith v. Audubon Ins. Co.*, 95-2057 (La. 9/5/96), 679 So.2d 372, 376 . The insurer's duty of good faith owed to its insured has been codified in Louisiana Revised Statute 22:1973A, which provides:

> An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the

---

[6] Thomas stated that the accident occurred while he was properly making a left turn on a green arrow signal at an intersection of Airline Highway in Baton Rouge. See Defendant's Exhibit 4, Statement of Henry Thomas Jr. (doc. 20-3)

4

claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.[7]

Subsection B of § 1973 states that the commission of any one of the six acts enumerated in that subsection constitutes a breach of the insurer's duty as imposed by Subsection A. The Louisiana Supreme Court has determined that these enumerated acts are exclusive, holding that "only the commission of the specific acts listed in [Subsection B] can support a private cause of action for breach of the statute." *Theriot v. Midland Risk Ins. Co.*, 694 So.2d 184, 193 (La. 1997). The only one of the six enumerated acts applicable to the Kelly's claim of bad faith for untimely payment is B(5), which proscribes "(f)ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious or without probable cause." A violation of § 1973 may subject the insurer to a penalty of up to "two times damages sustained." La. R.S. 22:1973C.

In addition to La. R.S 22:1973, La. R.S. 22:1892 also imposes penalties upon an insurer who, in bad faith, fails to pay a claim after receiving satisfactory proof of loss.[8] R.S. 22:1892A(1) provides:

> All insurers issuing any type of contract, other than those

---

[7] The former La. R.S. 22:1220 was redesignated as La. R.S. 22:1973, pursuant to La. Legis. Acts 2008, No. 415, §1, effective January 1, 2009.

[8] La. Legis. Acts 2008, No. 415, §1 renumbered La. 22:658 as La. R.S. 22:1892, effective January 1, 2009.

5

Case 3:09-cv-00619-BAJ -SCR   Document 28   11/08/11   Page 5 of 14

> specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

Further, with respect to the payment of a third party's property and damage claims, the statute provides:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

The Louisiana courts have recognized that "[t]he conduct prohibited in R.S. 22:[1892](A)(1) is virtually identical to the conduct prohibited in R.S. [22:1973](B)(5): the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause. The primary difference is the time periods allowed for payment." *Reed v. State Farm Mut. Auto Ins. Co.*, 03-0107 (La. 10/21/03), 857 So.2d 1012. Both statutes are penal in nature and must be strictly construed. *Jones v. Johnson*, 45, 847 (La.App. 2 Cir. 12/15/10), 56 So.3d 1016, 1021. "To recover penalties pursuant to Louisiana Revised Statutes 22:1892 and [22:1973], a plaintiff has the burden of proving bad faith. To do so, he must prove: 1) the insurer received a satisfactory proof of loss;

6

2) the insurer failed to pay the claim within the applicable statutory period; 3) the insurer's failure to pay was arbitrary and capricious." *Payton v. Progressive Sec. Ins. Co.*, 2010-1644 (La.App. 4 Cir. 5/25/11), 66 So.3d 1194, 1200; *French v. Allstate Indem. Co.*, 637 F.3d 571, 586 (5th Cir. 2011).

A satisfactory proof of loss is that which is sufficient to fully apprise the insurer of the insured's claims. *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1119. The parties do not dispute that State Farm was provided with satisfactory proof of loss concerning Kelly's medical expenses by virtue of the letter from Kelly's attorney to Ms. Davis dated January 6, 2006, containing certified copies of Kelly's medical records. There is a matter of dispute, however, as to when the letter was received. In its motion for summary judgment, State Farm contends that Dorothy Davis, the State Farm representative assigned to the case and to whom the letter was addressed, did not actually receive the letter until February 14, 2006.[9] In opposition, Kelly maintains that the letter was received by State Farm on January 9, 2006.[10] For purposes of the motion for summary judgment, the Court must construe the facts in the light most favorable to the non-mover, that State Farm received satisfactory proof of loss Kelly's loss when the letter was received on January 9, 2006.

---

[9] See, State Farm's Motion for Summary Judgment, p. 6.

[10] Kelly has submitted a copy of the certified mail receipt for the letter, showing that the letter was accepted by a G. Johnson on January 9, 2006.

7

The second factor in evaluating a bad faith claim under §1973 or §1892 is whether the insurer failed to pay within the applicable statutory time period. Pursuant to 22:1973B(5), an insurer must pay a claim within sixty days of receiving satisfactory proof of loss, whereas R.S. 22:1892A(1) requires payment within thirty days after receipt of proof of loss. Regardless of whether R.S. 22:1973 or R.S. 22:1892 is applied, Kelly submits that State Farm failed to timely pay his claim after receiving proof of loss on January 9, 2006. It is undisputed that Kelly's claim was not paid within 30 or 60 days from that date. By a letter dated March 23, 2006, more than 60 days after State Farm received Kelly's proof of loss, State Farm made a written offer to settle Kelly's claim for the limits of Thomas' policy.

Thirdly, in order to prevail in a bad faith claim against an insurer, a plaintiff must demonstrate that the insurer acted arbitrarily and capriciously when it failed to pay the claim within the time period mandated by either of the applicable statutes. In opposition to the plaintiff's claim, State Farm submits that its failure to pay Kelly's claim within the statutorily mandated time periods was neither arbitrary nor capricious, as Thomas continuously maintained that he was not at fault for the accident.

Concerning an insurer's statutory duty to settle claims timely, the Louisiana Supreme Court has stated that "[t]he Louisiana phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious'. Both describe an insurer whose willful refusal of a claim is not based on a good faith defense." *Louisiana*

8

*Maintenance Services, Inc. v. Certain Underwriters At Lloyd's of London*, 616 So.2d 1250, 1253 (La. 1993). An insurer who fails to pay any undisputed amount over which reasonable minds could not differ acts in a manner that is, by definition, arbitrary, capricious or without probable cause. *Louisiana Bag Co., Inc., v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1116. Nevertheless, "[s]tatutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense, especially when there is a reasonable and legitimate question as to the extent and causation of a claim, and bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists." *Hoagboon v. Cannon*, 2010-0909 (La.App. 1 Cir. 12/29/10), 54 So.3d 802, 807. The determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case. *Richardson v. GEICO Indem. Co.*, 2010-0208 (La.App. 1 Cir. 9/10/10), 48 So.3d 307, 314. "The determination of good or bad faith in an insurer's deciding to proceed to trial involves the weighing of such factors, among others, as the probability of the insured's liability, the extent of the damages incurred by the claimant, the amount of the policy limits, the adequacy of the insurer's investigation, and the openness of communications between the insurer and the insured." *Smith v. Audubon Ins. Co.*, 95-2057 (La. 9/5/96) 679 So.2d 372, 377.

Kelly contends that State Farm determined as early as December 21, 2005

that its insured, Thomas, was at fault for the accident. In support of this contention, Kelly submits an excerpt from the deposition of Terry J. Broaden, a State Farm representative at the time of the accident.[11] Kelly also points to a statement which State Farm received from an independent witness to the accident, Troy Wofford, indicating that the accident was caused by Thomas making a left turn in front of Kelly's vehicle.[12] Accordingly, Kelly maintains that State Farm's reliance on Thomas' assertion that he was not a fault was not a valid justification for State Farm's failure to tender the policy limits towards Kelly's claim, as the evidence known to State Farm indicated that Thomas was in fact responsible for the accident.

State Farm maintains that it cannot be found to have acted in bad faith, because it relied on the statements of its insured, who insisted that he was not at fault for the accident. However, Thomas' assertion is but one factor to consider in evaluating State Farm's actions relative to its duty to timely pay the valid claims of a third party. Whether a refusal to pay is arbitrary, capricious, or without probable cause depends on all of the facts known to the insurer at the time of its actions. See, *Combetta v. Ordoyne*, 2004-2347 (La.App. 1 Cir. 5/5/06), 934 So.2d 836, 843; *Sanders v. International Indem. Co.*, 97-1061 (La.App. 3 Cir. 2/4/98), 708 So.2d 772, 776; *Jones v. Johnson*, 45,847 (La.App. 2 Cir. 12/15/10), 56 So.3d 1016,

---

[11] Plaintiff's Exhibit C., pp. 2-3 (doc. 23-3). Broaden testified, after reviewing the claim file, that a liability determination has been made by State Farm on December 21, 2005.

[12] Plaintiff's Exhibit B, p. 28 (doc. 23-2). Wofford's statement, that Thomas made the left turn at a solid green light, is contradictory to Thomas' deposition testimony that he turned left on a green arrow.

10

1023. This Court cannot conclude as a matter of law that Kelly is unable to establish that State Farm acted in bad faith. Accordingly, the Court denies State Farm's motion for summary judgment with respect to this issue.

### B. State Farm's bad faith in failing to convey the settlement offer

State Farm also moves for summary judgment with respect to the claim that State Farm acted in bad faith by failing to notify Thomas that Kelly's attorney made an offer to settle for policy limits prior to filing the underlying lawsuit. Kelly submits that State Farm's failure to notify Thomas of this offer ultimately caused Thomas to be cast with a substantial excess judgment once the matter proceeded to trial.

State Farm admits that it did not inform Thomas of the letter from Kelly's attorney dated January 6, 2006; however, the insurer maintains that it was under no legal obligation to do so, because the letter did not constitute a valid or binding settlement offer. Referring to the wording of the document, State Farm argues that the letter merely states that Kelly's attorney would "recommend" a settlement for State Farm's policy limits, and that such language is not indicative of a firm offer to settle. Further, State Farm asserts that there is nothing in the record which indicates that Kelly's attorney had the authority to make a binding offer on behalf his client at the time that the letter was sent. Accordingly, State Farm submits that it had no basis to construe the letter as a settlement offer.

Moreover, State Farm maintains that when the letter was sent, Kelly's attorney was under the mistaken impression that the limits of Thomas' policy were

11

$50,000 per person/$100,000 per accident when in fact, the policy limits were $25,000 per person/$50,000 per accident.[13] Therefore, State Farm argues, even if the letter were construed as a settlement offer, the intent of the letter was to settle for $50,000, twice the limits of Thomas' policy.

In opposition to State Farm's arguments, Kelly submits that State Farm was derelict in its obligation to its insured when it failed to notify Thomas of the letter from Kelly's attorney, because the duty to keep Thomas informed extended beyond firm settlement offers. Kelly argues that State Farm should have evaluated the evidence suggesting that Thomas was at fault and that it should have tendered an offer of policy limits. Kelly also maintains that his attorney had authority to accept a $25,000 settlement from State Farm when the letter was sent. [14]

Pursuant to La. R.S. 22:1973B(1), an insurer violates its duty to its insured by "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." "Misrepresentation can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured." *Arvie v. Safeway Ins. Co. of Louisiana*, 2006-1266 (La.App. 3 Cir. 2/7/07), 951 So.2d 1284, 1286, quoting *McGee v. Omni Ins. Co.*, 02-1012 (La.App. 3 Cir. 3/5/03), 840 So.2d 1248.

---

[13] State Farm asserts that Kelly's attorney's understanding of the policy was revealed during a telephone conversation with State Farm representative Ann McClendon on March 8, 2006.

[14] In a footnote, Kelly characterizes as a "red herring" State Farm's claim that Kelly's attorney understood the limits of Thomas' policy to be $50,000/$100,000, arguing that there is no supporting evidence in the record, other than State Farm's own statements, which confirm this allegation.

12

The Fifth Circuit Court of Appeals has held that "Louisiana law only imposes liability for an excess judgment against a primary insurer if that insurer failed to accept an actual offer to settle within its policy limits and such failure was negligent, arbitrary, and/or in bad faith." *Commercial Union Ins. Co. v. Mission Ins. Co.*, 835 F.2d 587 (5th Cir. 1988). Further, in *Brown ex rel. Tracy v. Liberty Mutual Fire Ins. Co.*, 168 Fed.Appx. 558 (5th Cir. 2006), the Fifth Circuit affirmed the district court's grant of a motion for summary judgment in favor of the defendant insurance company, where the district court found that the insurer could not be held in bad faith for notifying the insured of a settlement offer. The district court, finding that a letter sent on behalf of a claimant did not amount to an actual offer to settle, concluded that the insurer could not be in bad faith for failing to notify the insured about the letter.

In the present case, the Court finds that the letter of January 6, 2006 from Kelly's attorney did not amount to a settlement offer, where the letter stated only that the attorney "will recommend release...for payment of policy limits." The Court finds that the jurisprudence does not support Kelly's claim that State Farm was obligated to inform Thomas of correspondence which does not amount to an actual offer to settle. Accordingly, the Court finds that State Farm cannot be found to be in bad faith solely for failing to notify Thomas of the receipt of this letter.

## V. ORDER

For the reasons stated herein, defendant State Farm Fire and Casualty Company's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, November 8, 2011.

											*[signature]*

											BRIAN A. JACKSON, CHIEF JUDGE
											UNITED STATES DISTRICT COURT
											MIDDLE DISTRICT OF LOUISIANA