UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNY KELLY

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 09-619-BAJ-SCR

# RULING ON MOTION FOR RECONSIDERATION

## I. BACKGROUND

On November 21, 2005, Henry Thomas and Danny Kelly, the plaintiff herein, were involved in a car accident. At the time of the accident, Thomas was insured by State Farm, the defendant herein. Following the accident, Thomas submitted a statement to State Farm in which he insisted that the accident was not his fault, which he maintained at a deposition in January of 2010. Kelly submitted a claim to State Farm asserting that he was injured in the accident, and that the accident was Thomas' fault.

On January 6, 2006, Kelly's attorney sent a certified letter and a copy of Kelly's medical records to State Farm, recommending a release of State Farm & Thomas in return for payment of the policy limits. He also asked for a return phone call in 10 days to discuss the matter. Kelly asserts that State Farm received the certified letter on January 9, 2006. However, State Farm allegedly

1

did not receive the correspondence until February 14, 2006. On March 8, 2006, Kelly's attorney spoke with a State Farm representative and told her that his client would not settle for less than $50,000. On March 22, 2006, the State Farm representative called Kelly's attorney and offered to settle the claim for the policy limits of $25,000, which was rejected by Kelly's attorney. Also on March 22, the State Farm representative mailed a letter to Thomas advising him that the value of the case would be in excess of the liability limits provided under his policy, and advised Thomas of Kelly's offer to settle. On March 24, 2006, Kelly filed suit against Thomas and State Farm.

The case proceeded to trial, and a judgment was rendered against Thomas and State Farm in the amount of $176,464.07, the award of which exceeded the policy limits available in Thomas' policy, resulting in Thomas' personal liability. On June 13, 2009, Kelly and Thomas entered into a compromise, whereby Thomas assigned his rights as to a bad faith claim to Kelly in exchange for Kelly releasing Thomas from his obligation.

Kelly filed the present suit, asserting that State Farm was in bad faith (relative to Thomas) for failing to settle Kelly's claim for the policy limits prior to the filing of the present suit, thereby exposing Thomas to excess judgment.

On April 15, 2010, State Farm, filed a Motion for Summary Judgment requesting that the Court dismiss Kelly's claims, *inter alia*, that: the January 6,

2

Case 3:09-cv-00619-BAJ-SCR   Document 45   09/28/12   Page 2 of 8

2006 letter was not a demand/offer to settle for $25,000, and State Farm should not be penalized for relying on Thomas' assertion of absence of fault.

On May 24, 2010, Kelly filed an Opposition to the Motion for Summary Judgment, alleging that State Farm is in bad faith for failure to settle the claim timely or in the alternative, for failure to inform Henry Thomas of the status of settlement negotiations.

On November 8, 2011, this Court issued a ruling, holding that the January 6, 2006, letter was not an offer to settle, and denying State Farm's motion for summary judgment as to the issue of bad faith.

On November 23, 2011, State Farm filed a Motion for Reconsideration, alleging that the Motion for Summary Judgment should have been granted in its entirety, as the Court's holding that the letter was not an actual offer to settle is dispositive as to the bad faith issue, e.g., the Court would have had to find BOTH that the letter was an offer to settle AND that the refusal to settle was in bad faith must both be met before an insurer can be liable for an excess judgment rendered against an insured. State Farm further asserts that the statutes applied by the Court, namely, La. R.S. 22:1892 and 22:1973, only apply to first-party insureds, and Kelly is a third-party claimant. Lastly, State Farm argues that pursuant to La. C.C.P. Art. 425(A), Kelly's claims against State Farm are barred because they should have been brought during the original litigation.

3

On December 14, 2011, Kelly filed an opposition to State Farm's motion for reconsideration, asserting that the ruling of the Court finding that the lack of a firm offer did not trigger the notification requirements, does not relinquish State Farm of its additional duty as an insurer to not act in an arbitrary and capricious manner in failing to timely adjust the claim after the satisfactory proof of loss was provided. Kelly also argues that his claim for a breach of duty of good faith can be asserted by an assignee of the insured regardless of whether the bad faith suit is filed by the insured or his assignee.

## II. RECONSIDERATION

Although the Federal rules of Civil Procedure do not formally recognize a motion to reconsider, the Fifth Circuit has held that such a motion may be classified under either Rule 59 or Rule 60. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). In the instant case, Defendant's motion seeking reconsideration of a grant of summary judgment is appropriately brought as a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e), because Defendant filed for reconsideration within the 28-day deadline. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). The court has discretion to reconsider and, if appropriate, vacate an order on summary judgment. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Defendants seek reconsideration on the ground that this Court's ruling denying

4

summary judgment in part "appears to be contrary to applicable law." (doc. 30, p.1)

## III. SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

## IV. DISCUSSION

Defendant argues this Court's finding in its initial Ruling on Summary Judgment that there was no actual offer of settlement is dispositive of the entire case. Therefore, its motion for summary judgment should be granted *in toto*. Defendant asserts the Fifth Circuit's Opinion in *Commercial Union Ins. Co. v. Mission Ins. Co.*, 835 F.2d 587 (5th Cir. 1988), is controlling, and prohibits a finding of bad faith on the part of the insurer when there was no actual offer to settle.

In *Commercial Union*, the court stated: "Louisiana law only imposes liability for an excess judgment against a primary insurer if that insurer failed to accept an actual offer to settle within its policy limits and such failure was negligent, arbitrary and/or in bad faith." 835 F.2d at 837 (citing *Bailey v. Hardware Mut. Casualty Co.*, 322 F.Supp 387, 393 (W.D. La. 1969) *aff'd* 329 F.2d 763 (5th Cir. 1971). Defendant therefore contends that *Commercial Union* establishes two requirements which must be met before an insurer, such as State Farm in the instant case, can be liable for an excess judgment rendered against the insured: 1) there must be an actual offer to settle within the policy limits; and 2) the failure to accept must be in "bad faith." (doc. 30–1, p. 4) Plaintiff, in its opposition, asserts that *Commercial Union* does not apply in the instant case because the two are factually distinguishable. *Commercial Union* involved a dispute between

6

a primary insurer and an excess insurer, both "sophisticated parties," while the instant case involves a dispute between an insurer and the insured.

Plaintiff's argument misses the mark. When it required an actual offer to settle in order to find bad faith on the part of the insurer, the court in *Commercial Union* relied upon an earlier case, *Bailey v. Hardware Mut. Casualty Co.* 322 F.Supp. 387 (W.D. La. 1969); *aff'd* 439 F.2d 763 (5th Cir. 1971). Similar to the instant case, *Bailey* involved a dispute between an insurer and the insured following the awarding of an excess judgment against the insured. The Court therefore concludes that *Commercial Union* and Bailey apply to the instant case. A clear application of the rule established in the aforementioned cases leads this Court to find that summary judgment is proper in the instant case as there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law. Because there was no actual offer to settle, as decided by this Court in its initial ruling, Defendant cannot be found to be in bad faith under applicable controlling law.

## V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Reconsideration. The Court further GRANTS that portion of Defendant's Motion for Summary Judgment it denied in its initial Ruling.

Baton Rouge, Louisiana, September **25**, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA